IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-03050-PAB
(Bankruptcy No. 19-11719-MER, Chapter 7)

In re:

WENDY ST. CHARLES,

    Debtor.

---

WENDY ST. CHARLES,

    Appellant,

v.

GROUSE GLEN AT VAIL CONDOMINIUM ASSOCIATION,

    Appellee.

---

# ORDER

---

This is an appeal by debtor Wendy St. Charles ("debtor") from the September 25, 2020 order of the United States Bankruptcy Court for the District of Colorado (the "bankruptcy court") denying debtor's motion for reconsideration.[1] The Court's jurisdiction is based on 28 U.S.C. § 158(a).[2]

---

[1] The Record consists of one volume. See Docket No. 5-1. The Court refers to the Record by reference to "R. at [page of record]." Accordingly, a citation to page 144 of the record is written "R. at 144."

[2] After reviewing the parties' submissions, the Court has determined that oral argument is not necessary to the resolution of this appeal.

I.  **BACKGROUND**[3]

Debtor owns a townhome at Grouse Glen at Vail Condominiums in Vail, Colorado.  R. at 293.  Appellee, Grouse Glen at Vail Condominium Association ("Grouse Glen"), is the homeowners' association ("HOA") for the condominiums.  *Id.*  On March 11, 2019, debtor filed a voluntary petition for relief under Chapter 7.  *Id.*  Grouse Glen filed a secured claim for $261,974.04 as a statutory lien.  *Id.*  The claim consists of Grouse Glen's attorneys' fees and costs throughout several years of litigation with debtor.  R. at 294.  The litigation related primarily to covered parking spots at the condos.  *Id.*  While the parking spots were previously available on a first come basis, Grouse Glen planned to assign the covered spots to specific units.  *Id.*  Debtor, along with two other owners, opposed the parking spot assignments and claimed that Grouse Glen failed to make certain repairs to their units in retaliation for their opposition.  *Id.*  Debtor filed suit against the HOA in state court and, in an amended complaint, asserted claims for failure to repair, breach of fiduciary duty, and various injunctive and declaratory relief regarding Grouse Glen's management of the property.  *Id.*

On December 15, 2016, debtor filed a motion with the state court arguing that Grouse Glen invalidly adopted the allocation of the covered spots.  R. at 295.  On May 30, 2017, the state court held a bench trial.  *Id*.  On November 5, 2018, the state court found that the garage plan was invalid, but permitted Grouse Glen to implement a "float

---

[3] The following facts are taken from the bankruptcy court's February 7, 2020 order overruling the objection to debtor's claim and granting relief from the automatic stay for liquidation of the claim.  *See* R. at 293.

2

plan" for sharing and allocation of four new parking spots. *Id.* The state court also determined that Grouse Glen was the prevailing party pursuant to Colorado Revised Statute § 38-33.3-123(1)(c) and awarded Grouse Glen attorneys' fees and costs. *Id.* Debtor's objection to Grouse Glen's bankruptcy claim challenged the awarding of attorneys' fees to Grouse Glen pursuant to that section. *See* R. at 293-301.

In her objection, debtor argued that § 123(1)(c) was an inappropriate means of allocating attorneys' fees because it only applied to actions to "enforce the powers of the association." R. at 297. According to debtor, because Grouse Glen did not file any counterclaims in the state court litigation, it could not be "enforcing" anything. *Id.* In the February 7, 2020 order, the bankruptcy court disagreed with debtor's analysis. The bankruptcy court determined that, even if Grouse Glen did not file any counterclaims, it was still "enforcing" the provisions of the HOA: "Grouse Glen's participation in the [l]itigation was an effort 'to enforce or defend' claims involving 'the provisions of this article' and Grouse Glen's governing documents." R. at 298 (quoting § 123(1)(c)). The bankruptcy court held that, because the HOA was acting within the bounds of its enumerated statutory powers, it was "enforcing" the statute and entitled to attorneys' fees and costs. R. at 299-300. Debtor also argued that, even if true, the claim should be liquidated at zero dollars because Grouse Glen never paid any attorneys' fees or costs because those were paid by its insurance company. R. at 302. The bankruptcy court declined to answer that question given that it would be "before the District Court as it relates to liquidating the fee award." *Id.*

Five months later, on July 8, 2020, debtor filed a motion to reconsider the

bankruptcy court's February 7, 2020 order.  *See* R. 303-307.  Specifically, debtor asked the bankruptcy court to reconsider the February 7, 2020 order based on new evidence that Grouse Glen did not pay any out-of-pocket expenses for its litigation with debtor and therefore was not entitled to reimbursement of attorneys' fees.  *See generally id.*  On September 25, 2020, the bankruptcy court denied debtor's motion for reconsideration.  *See* R. 331-335.  The bankruptcy court agreed with the state court that the fact that Grouse Glen's insurer reimbursed its attorneys' fees was immaterial to the court's previous conclusion that allowed Grouse Glen's secured claim for attorneys' fees.  R. at 334-35.

On October 9, 2020, debtor filed a notice of appeal of the denial of the motion to reconsider.  *See* Docket No. 1.  Debtor raises five issues on appeal: (1) "[w]hether the Bankruptcy Court erred in broadly interpreting the Colorado Common Interest Ownership Act ("CCIOA") to hold that Grouse Glen at Vail Condominium Association . . . had a valid statutory assessment lien based on attorney fees incurred in defending litigation brought by a homeowner"; (2) "[w]hether the Bankruptcy Court erred when it held that Grouse Glen's claim could be allowed as a secured claim when Grouse Glen admitted that its insurance carrier paid its attorneys' fees in full"; (3) [w]hether the Bankruptcy Court erred in ruling on the Objection to Grouse Glen's claim without taking evidence regarding the underlying fees"; (4) "[w]hether the Bankruptcy Court erred in denying the Motion to Reconsider when there was newly discovered information regarding the payment of Grouse Glen's attorney fees in the state court litigation"; and (5) "[w]hether the Bankruptcy Court erred in declining to use its equitable powers to deny the Appellant's Objection to Grouse Glen's Claim under 11 U.S.C. § 502(j)."

Docket No. 8 at 8-9.

## II. STANDARD OF REVIEW

A party may appeal the "final judgments, orders, and decrees" of a bankruptcy court to either the district court or a bankruptcy appellate panel. 28 U.S.C. §§ 158(a)(1), (c)(1). A district court reviews the bankruptcy court's legal conclusions de novo, its factual findings for clear error, and its discretionary decisions for abuse of discretion. *In re Baldwin*, 593 F.3d 1155, 1159 (10th Cir. 2010); *Busch v. Busch (In re Busch)*, 294 B.R. 137, 140 (B.A.P. 10th Cir. 2003) (lifting of automatic stay); *Brasher v. Turner (In re Turner)*, 266 B.R. 491, 494 (B.A.P. 10th Cir. 2001) (excluding an exhibit); *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 771 (10th Cir. 1997) (entering default judgment).

## III. ANALYSIS

### A. Issues One, Two, Three, and Five

In issues one, two, three, and five, debtor argues in different formulations that the bankruptcy court erred in determining that the CCIOA applies to a situation where the HOA was "defending" claims, rather than "enforcing" the powers of the HOA, and in overruling her objection despite Grouse Glen having its fees reimbursed by its insurer. *See* Docket No. 8 at 23-25. Grouse Glen argues that plaintiff has waived these arguments by failing to timely appeal the February 7, 2020 order and by only appealing the September 25, 2020 order on debtor's motion to reconsider, which does not address the merits of issues one, two, three, and five. *See* Docket No. 9 at 18-22. The Court agrees with Grouse Glen and finds that, due to debtor's lack of a timely appeal of

the February 7, 2020 order, she has waived any merits review of issues one, two, three, and five.

A party has fourteen days to file an appeal of a bankruptcy order.[4]  *See* Fed R. Bankr. P. 8002(a).  Failure to appeal in the time allowed is a jurisdictional defect that prevents appellate review.  *In re Onyeabor*, 2015 WL 1726692, at *8 n.73 (B.A.P. 10th Cir. 2015) (unpublished) (citing *In re Good*, 281 B.R. 689, 694 (B.A.P. 10th Cir. 2002)).  When a party appeals an order on a motion for reconsideration, a court must first determine whether the motion for reconsideration was filed before or after the time to appeal the original order.  *See In re Egbune*, 2016 WL 6996129, at *3 n.29 (B.A.P. 10th Cir. 2016) (unpublished).  If the motion was filed after the time to appeal, courts treat it as a motion under Rule 60(b), which means that the reviewing court does not review the merits of the original order.  *See id.* ("[I]f reconsideration of claim sought after time to appeal [has] passed, courts view as [a] motion to reconsider under Rule 60(b), which is reviewed for abuse of discretion." (citing *In re Frontier Airlines, Inc.*, 137 B.R. 808, 810 (D. Colo. 1992)); *Frontier*, 137 B.R. at 810 ("Appeals from these orders do not bring into issue the merits of the court's original order.").  Review of an order on a motion to reconsider that was not filed within the time period to appeal is reviewed for abuse of discretion.  *See Frontier*, 137 B.R. at 810.  Debtor thus had fourteen days to file an appeal to the February 7, 2020 order if she wished to seek a merits review.  Debtor, however, did not appeal within the fourteen days and, instead, filed a motion to

---

[4] Grouse Glen argues that the February 7, 2020 order was a final order.  Docket No. 9 at 23.  Debtor does not argue otherwise.  The Court finds that the February 7, 2020 order overruling the debtor's objection was a final order.

reconsider approximately five months later.  Accordingly, debtor cannot now seek to review the merits of the bankruptcy court's February 7, 2020 order.

Debtor disagrees.  She argues that the bankruptcy court "went further" than simply denying a request for reconsideration.  See Docket No. 10 at 17 (emphasis omitted).  Instead, she claims that the bankruptcy court considered the new evidence that Grouse Glen in fact paid nothing out of pocket.  Id.  Citing a Second Circuit case, she argues that an appellate court can consider legal determinations made for the first time in an order denying a motion to reconsider.  Id. (citing Sakon v. Andreo, 119 F.3d 109, 112, 115 (2d Cir. 1997)).  Even if this rule was applicable in the Tenth Circuit or for bankruptcy appeals – a proposition for which debtor offers no support –, it still would not permit the Court to review the merits of issues one, two, three, and five.

The bankruptcy court did not reconsider its ruling on the applicability of the CCIOA, whether CCIOA applied when an HOA has fees paid by its insurer, whether to leave the issue of taking evidence regarding the fees to the state court, or whether to use its equitable powers to deny debtor's objection.  See Docket No. 8 at 8-9 (listing issues one, two, three, and five).  Rather, the only issue the bankruptcy court considered was whether, now that it was confirmed that Grouse Glen paid no fees, it was error for the state court not to offset the fee award, a question the bankruptcy court in its February 7, 2020 order allowed the state court to resolve.  See R. at 302 (noting that the court did not need to address liquidation of the fee award "because this argument will be before the District Court as it relates to liquidating the fee award").  Moreover, the September 25, 2020 order does not examine the applicability of the CCIOA, engage in statutory construction, or reserve to itself the liquidation of the

7

attorneys' fee award.  Accordingly, because debtor failed to appeal the February 7, 2020 order, she cannot now seek a merits review of it.[5]

### B.  Issue Four

Issue four asks whether the bankruptcy court erred in refusing to offset the fee award given new evidence that confirmed Grouse Glen did not pay any out-of-pocket expenses for its litigation with debtor.  *See* Docket No. 8 at 9.  The Court reviews the bankruptcy court's decision on a motion to reconsider for abuse of discretion.  *In re Egbune*, 2016 WL 6996129, at *3 n.29; *see also* Docket No. 8 at 27-28 (stating that review of her motion to reconsider is for abuse of discretion); Docket No. 9 at 20 (agreeing that review is for abuse of discretion).  Accordingly, the decision "will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances."  *See In re Utah Aircraft Alliance*, 342 B.R. 327, 331 (B.A.P. 10th Cir. 2006) (citations omitted).  An abuse of discretion "may exist when a ruling is premised on an erroneous conclusion of law."  *Id.*

Debtor argues that the bankruptcy court misapplied a Colorado Court of Appeals decision and, thus, committed abuse of discretion.  *See* Docket No. 8 at 32.  The

---

[5] In reply, debtor argues that her failure to timely appeal should be forgiven as a result of her previous attorney's terminal illness.  *See* Docket No. 10 at 22-23.  However, debtor had been represented by the same firm throughout, even if not the same attorney.  Moreover, debtor notes that her previous attorney might have had strategic reasons for not appealing the February 7, 2020 order.  *See id.* at 23.  Given that debtor had been represented by the same firm, and debtor does not claim that her previous attorney was physically unable to appeal the decision due to his illness, the Court declines to toll the time to appeal by five months to permit merits review of these issues.

bankruptcy court found that the state court properly applied *Boulder Plaza Residential, LLC v. Summit Flooring, LLC*, 198 P.3d 1213, 1217 (Colo. App. 2008), rendering Grouse Glen's claim for attorneys' fees valid, even with the new evidence that Grouse Glen did not pay the attorneys' fees itself.  R. at 334.  Debtor claims that *Boulder Plaza* never answered the question of whether an insured defendant "can collect and keep an attorney-fee award," and, as a result, does not dictate the result here.  Docket No. 8 at 32.  The Court is unpersuaded.

In *Boulder Plaza*, the owner of a condominium project contracted with a general contractor, who subsequently subcontracted with another company, to install the flooring for the condominiums.  198 P.3d at 1214.  The subcontractor purchased insurance for the project.  *Id*.  The general contractor was named as an additional insured in the policy.  *Id.*  Issues with the flooring ensued, and the owner sued the general contractor and subcontractor.  *Id.* at 1214-15.  The owner lost the case, and the court awarded attorneys' fees to the subcontractor.  *Id.* at 1215.  The owner, like debtor here, argued that it could not be liable for the attorneys' fees because the subcontractor never paid any fees itself, but rather its insurer did, meaning that the anti-subrogation rule – which prevents an insurer from seeking recovery against its own insured on a claim based on the coverage in the policy – prevented recovery of such fees.  *Id.* at 1215-16.  The Colorado Court of Appeals disagreed, finding that the relationship between the insured and the insurer was immaterial.  *Id.* at 1216-17.

Debtor argues that *Boulder Plaza* is distinguishable because debtor is an insured party through her HOA membership, unlike the owner in *Boulder Plaza*, who was not an

9

insured, and, as a result, the anti-subrogation rule should be in effect. Docket No. 8 at 32. While it is true in *Boulder Plaza* that the owner was not an insured, the court noted that the subcontractor was entitled to seek attorneys' fees "from any party liable therefore." 198 P.3d at 1217. Pursuant to the February 7, 2020 order, debtor is statutorily liable to Grouse Glen for the attorneys' fees it incurred in enforcing its rules. The fact that some of debtor's HOA dues paid for the HOA's insurance has no effect on debtor's liability for such fees. Accordingly, the bankruptcy court did not abuse its discretion in its analysis of *Boulder Plaza*.

Two other reasons preclude the Court from finding that the bankruptcy court abused its discretion. First, the actual issue that the bankruptcy court was analyzing was whether it erred in "reserving liquidation" to the state court. R. at 333. Even if the bankruptcy court's ruling as to *Boulder Plaza* was incorrect, that says nothing about whether there were Rule 60(b) grounds for reversing the bankruptcy court's decision to reserve the liquidation issue to the state court, and debtor has offered no argument otherwise. Second, even if the Court were to conclude that the bankruptcy court misread *Boulder Plaza*, the second step in the analysis would require reviewing the merits of the bankruptcy court's CCIOA analysis from the February 7, 2020 order to determine that debtor was in fact an insured in such a fashion that the anti-subrogation rule would apply. But, as already determined, debtor waived any right to a merits review of that issue.[6]

---

[6] Grouse Glen has filed a motion to file a sur-reply, arguing that debtor offered new arguments in reply to which it should be allowed to respond. *See* Docket No. 14. Although debtor opposes permitting Grouse Glen to file a sur-reply, she spends the majority of her opposition responding to the sur-reply. *See generally* Docket No. 15.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Order Denying Debtor's Motion to Reconsider is **AFFIRMED**.

It is further

**ORDERED** that the Motion for Leave to File Sur-Reply [Docket No. 14] is **GRANTED**. It is further

**ORDERED** that this case is closed.

DATED January 19, 2022.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

---

Given that debtor has had an opportunity to respond to Grouse Glen's sur-reply, the Court will grant the motion.